IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY MURRAY,

       **Plaintiff,**

       v.

WESTLAKE PORTFOLIO
MANAGEMENT, LLC,

       **Defendant.**

Case No. 2:25-CV-02443-JAR-BGS

## MEMORANDUM AND ORDER

Plaintiff Timothy Murray brings this action against Defendant Westlake Portfolio Management, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"). This matter is now before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 7). The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court grants Defendant's motion to dismiss.

**I.  Background**

The following facts are taken from the Complaint and the documents attached to it and are accepted as true for purposes of deciding Defendant's motion.[1]

On June 27, 2024, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Kansas. In his petition, Plaintiff listed, among other debts, an auto-loan debt owed to Mechanics Bank Auto Finance ("MBAF"). On June 28, 2024, the bankruptcy court sent notice of Plaintiff's bankruptcy to MBAF. Nonetheless, in May 2025,

---

[1] Doc. 1; Fed. R. Civ. P. 10(c).

Defendant—acting as a debt collector for the MBAF debt—sent Plaintiff a collection letter demanding payment of the debt.

Plaintiff then brought this action against Defendant, alleging violations of the FDCPA based on that collection letter. Defendant now moves to dismiss Count II of the Complaint under Fed. R. Civ. P. 12(b)(6). Count II alleges that Defendant failed to cease communications and collection efforts in violation of 15 U.S.C. § 1692c(c).

## II.     Legal Standard

Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[2] and include "enough facts to state a claim to relief that is plausible on its face."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5] The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6] The Court will view all well-pleaded factual allegations in the light most favorable to the plaintiff.[7]

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Id.* at 570.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

**III.    Discussion**

In Count II of his Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(c), which provides that "[i]f a *consumer* notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," subject to certain exceptions that are not at issue here.[8]

Plaintiff alleges that the bankruptcy notice sent by the bankruptcy court on June 28, 2024 provided the required written notice to cease communications. Plaintiff therefore contends that when Defendant sent the May 2025 collection letter, it violated § 1692c(c). Defendant responds that Plaintiff fails to state a claim because the bankruptcy notice was generated and transmitted by the bankruptcy court, not by Plaintiff or any other "consumer" as defined by § 1692c(d), and therefore cannot satisfy § 1692c(c)'s written-notice requirement.

The Court agrees with Defendant. The plain language of § 1692c(c) requires that a "consumer" notify the debt collector in writing. The FDCPA defines "consumer" to include the "consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."[9] Plaintiff does not allege that he, or anyone falling within that definition, ever sent Defendant written notice refusing to pay the debt or requesting that Defendant cease further communications. Instead, Plaintiff makes two arguments for why the bankruptcy notice sent by the bankruptcy court should satisfy the written-notice requirement under § 1692c(c).

First, Plaintiff argues that "by filing for Chapter 13 bankruptcy protection, [Plaintiff] set in motion an automatic process that resulted in notice of his refusal to pay the MBAF debt."[10]

---

[8] 15 U.S.C. § 1692c(c) (emphasis added).

[9] *Id.* § 1692c(d).

[10] Doc. 14 at 5.

Plaintiff also contends that the bankruptcy court qualifies as his "administrator" under § 1692c(d) and thus falls within the FDCPA's definition of "consumer" for purposes of § 1692c(c).  Critically, Plaintiff cites no authority—and the Court has found none—supporting the proposition that a bankruptcy notice generated and transmitted by the bankruptcy court satisfies § 1692c(c)'s written-notice requirement on either theory.  To the contrary, courts considering this issue have rejected Plaintiff's position and held that bankruptcy notices sent by bankruptcy courts are insufficient to provide the written notice required under § 1692c(c).[11]

Second, Plaintiff relies on the Eighth Circuit's decision in *Stecklein & Rapp Chartered v. Experian Information Solutions, Inc.*,[12] to argue that the bankruptcy notice transmitted by the bankruptcy court in this case "is good enough" because the bankruptcy court was essentially acting as Plaintiff's agent.[13]  But *Stecklein* is inapposite.  There, the Eighth Circuit interpreted the Fair Credit Reporting Act's notice requirement in the context of an attorney-client relationship, holding that a dispute letter sent by a consumer's attorney could still qualify as notice "directly" to the credit reporting agency, and explaining that "[u]nder basic agency law, a letter from a lawyer is good enough."[14]  That reasoning does not translate here.  This case involves the FDCPA, specifically § 1692c(c), not the Fair Credit Reporting Act.  And the notice Plaintiff relies on is not a letter from his attorney, but a notice generated and transmitted by the

---

[11] *See, e.g.*, *Lawson v. I.C. Sys., Inc.*, No. 3:18-CV-00083-AKK, 2018 WL 4052179, at *2 (N.D. Ala. Aug. 24, 2018) (rejecting plaintiff's argument that "filing for bankruptcy 'set the necessary events in motion, such that his creditors were notified that he was refusing to pay and directing further communication to cease'"); *Henderson v. Nationstar Mortg., LLC*, No. 1:14-CV-8194, 2015 WL 2375258, at *2 (N.D. Ill. May 15, 2015) ("Contrary to Plaintiff's argument, the plain language of [§ 1692c(c)] therefore provides no indication that notice of bankruptcy is also sufficient to trigger a duty to cease communications."); *Shelley v. Ocwen Loan Servicing, LLC*, No. 1:13-CV-506-RLY-DKL, 2013 WL 4584649, at *8 (S.D. Ind. Aug. 28, 2013) ("Plaintiffs do not allege that they or anyone within this definition ever sent written notice to [defendant].  Instead, Plaintiffs rely on a notice issued by a bankruptcy court, which, by the plain language of [§ 1692c(c)], is not sufficient to provide notice.").

[12] 113 F.4th 858 (8th Cir. 2024).

[13] Doc. 14 at 8.

[14] *Stecklein*, 113 F.4th at 862.

4

bankruptcy court. Unlike an attorney, "[a] court is not a party's agent. It is a neutral decision maker that adjudicates disputes between parties."[15]

Accordingly, because Plaintiff does not allege that he or any qualifying representative notified Defendant in writing that he refused to pay the MBAF debt or wanted Defendant to cease further communications, Plaintiff fails to state a claim under § 1692c(c). The Court therefore grants Defendant's motion to dismiss Count II.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 7) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 6, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[15] *Henderson*, 2015 WL 2375258, at *2 (rejecting plaintiff's argument that "the bankruptcy court acted as Plaintiff's agent" for purposes of § 1692c(c)'s notice requirement).