IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY MURRAY,<br><br>       **Plaintiff,**<br><br>       v.<br><br>WESTLAKE PORTFOLIO MANAGEMENT, LLC,<br><br>       **Defendant.** | Case No. 2:25-CV-02443-JAR-BGS |

## **MEMORANDUM AND ORDER**

Plaintiff Timothy Murray brings this action against Defendant Westlake Portfolio Management, LLC, alleging violations of the Fair Debt Collection Practices Act. Defendant moved to compel arbitration but inadvertently failed to attach the exhibits referenced in support of its motion.[1] Plaintiff then filed a response, noting Defendant's failure to attach the exhibits on which the motion relies.[2] After Plaintiff filed his response, Defendant moved for leave to file the omitted exhibits out of time.[3] Because the omission appeared to be a purely clerical error, the Court granted Defendant's motion.[4] The matter is now before the Court on Plaintiff's Motion for Leave to File a Surreply (Doc. 49), in which Plaintiff seeks to respond to the subsequently filed exhibits.

---

[1] Docs. 28, 29.

[2] Doc. 40.

[3] Doc. 42.

[4] Doc. 45.

"Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply. Surreplies typically are not allowed."[5] Surreplies require leave of court and are only granted under "rare circumstances."[6] When a party seeks leave to file a document that may not be filed as a matter of right, such as a surreply, that party must comply with D. Kan. Rule 15.1, which requires the filer to attach the proposed document to be filed. Here, Plaintiff has complied with Rule 15.1 by attaching the proposed surreply to its present motion.[7]

That said, the Court also recognizes that "the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply,"[8] or, as here, materials filed after Plaintiff filed his response. Alternatively, the Court may disregard new material in ruling on the underlying motion.[9] New "material" includes both evidence and legal arguments.[10]

Here, the Court finds that the circumstances warrant granting Plaintiff leave to file a surreply. The Court permitted Defendant to file its exhibits only after Plaintiff had already responded to Defendant's motion to compel arbitration, and Plaintiff is entitled to an opportunity to address that evidence. Plaintiff's proposed surreply is brief, consisting of only four pages, and is largely limited to addressing Defendant's newly filed exhibits. The Court will be in a better

---

[5] *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014) (citing *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004)).

[6] *Id.* (quoting *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998)).

[7] Doc. 49-1.

[8] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)).

[9] *Id.* (citing *Beaird*, 145 F.3d at 1164–65).

[10] *Id.* (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003)).

position to rule on Defendant's pending motion to compel arbitration with the benefit of both parties' arguments concerning those exhibits.  For these reasons, Plaintiff's motion is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File a Surreply (Doc. 49) is **granted**.

**IT IS SO ORDERED.**

Dated: February 25, 2026

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE