IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY MURRAY,

      Plaintiff,

      v.                                                                 Case No. 2:25-CV-02443-JAR-BGS

WESTLAKE PORTFOLIO
MANAGEMENT, LLC,

      Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Timothy Murray brings this action against Defendant Westlake Portfolio

Management, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA").

This matter is now before the Court on Defendant's Motion to Compel Arbitration (Doc. 28).

The motion is fully briefed, and the Court is prepared to rule.  For the reasons stated below, the

Court denies Defendant's motion.

**I.       Background**

This matter arises from a transaction between Plaintiff and Dream Nissan in which

Plaintiff purchased a 2011 Ford Ranger.  As part of the transaction, Plaintiff and Dream Nissan

executed a Retail Installment Sale Contract ("RISC") to finance the purchase.  The RISC

contains an arbitration provision, which provides:

> Any claim or dispute, whether in contract, tort, statute, or
> otherwise (including the interpretation and scope of this
> Arbitration Provision and the arbitrability of the claim or dispute),
> between you and us or our employees, agents, successors or
> assigns, which arises out of or relates to your credit application,
> purchase or condition of this vehicle, this contract or any resulting
> transaction or relationship (including any such relationship with
> third parties who do not sign this contract) shall, at your or our

election, be resolved by neutral, binding arbitration and not by a court action.[1]

Sometime thereafter, Dream Nissan assigned the RISC to Mechanics Bank Auto Finance ("Mechanics Bank").  In June 2024, Plaintiff and his wife filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Kansas.  Plaintiff alleges that the debt associated with the auto loan was listed in the bankruptcy petition, that Mechanics Bank received notice of the bankruptcy filing, and that Mechanics Bank later filed a proof of claim in the bankruptcy proceeding.  Plaintiff further alleges that, despite that bankruptcy filing, Defendant, acting as a debt collector on Mechanics Bank's behalf, sent him a collection letter in May 2025 demanding payment on the auto loan.

Based on these allegations, Plaintiff filed this action on August 6, 2025, asserting claims under the FDCPA.[2]  Defendant was served on August 8, 2025,[3] and on August 29, 2025, filed its Answer and a motion to dismiss Count II of Plaintiff's Complaint.[4]  The parties thereafter began litigating the case in this forum.  Pursuant to Fed. R. Civ. P. 16, Magistrate Judge Brooks G. Severson conducted a scheduling conference on October 14, 2025.[5]  The parties then exchanged initial disclosures,[6] jointly moved for entry of a protective order,[7] and Defendant responded to Plaintiff's written discovery, including interrogatories and requests for production.[8]  Consistent

---

[1] Doc. 46 at 5.

[2] Doc. 1.

[3] Doc. 6.

[4] Docs. 7, 9.

[5] Doc. 19.

[6] Docs. 15, 17.

[7] Doc. 21.

[8] Doc. 24.

with the Scheduling Order,[9] the parties later filed a joint mediation notice advising that they would mediate the dispute on January 28, 2026.[10]

On December 17, 2025, Defendant filed the present motion to compel arbitration.[11] Defendant did not withdraw its motion to dismiss before or after filing the present motion. Instead, that motion remained pending until January 6, 2026, when the Court granted it and dismissed Count II of the Complaint.[12]

## II.    Discussion

Defendant moves to compel arbitration and stay these proceedings pursuant to the arbitration provision in the RISC.  Plaintiff opposes the motion, arguing that Defendant waived any right to arbitrate by participating in the litigation process without timely moving to stay the case and compel arbitration.

Under federal law, "when a contract mandates arbitration, courts generally will enforce the arbitration clause absent a waiver."[13]  Whether a party waived the right to arbitrate depends on the specific facts of the case.[14]  In determining whether a party has waived its right to arbitration, the Court considers the following factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;

---

[9] Doc. 20.

[10] Doc. 27.

[11] Doc. 28.

[12] Doc. 36.

[13] *Peterson v. Shearson/Am. Exp., Inc.*, 849 F.2d 464, 465–66 (10th Cir. 1988).

[14] *Renteria-Camacho v. DirecTV, Inc.*, 175 F. Supp. 3d 1308, 1311 (D. Kan. 2016).

(5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.[15]

It is Plaintiff's burden to show that Defendant has waived its right to demand arbitration.[16]  In deciding whether this burden has been met, the Court must give "substantial weight to the strong federal policy encouraging the expeditious and inexpensive resolution of disputes through arbitration."[17]

Applying these factors here, the Court finds that Defendant waived any right to arbitrate this dispute.  First, Defendant's actions before filing its motion to compel arbitration were inconsistent with an intent to arbitrate.  Although Defendant asserted arbitration as one of several affirmative defenses in its Answer, it did not promptly move to compel arbitration or seek a stay of proceedings.  Instead, after being served with the Complaint, Defendant filed its Answer and a motion to dismiss, exchanged initial disclosures, responded to Plaintiff's written discovery, jointly moved for entry of a protective order, participated in the scheduling conference, and agreed to mediate the case.  These actions reflect a choice to litigate this dispute in federal court rather than promptly invoke arbitration.

Second, the litigation machinery had been substantially invoked before Defendant sought arbitration.  By that point, the Court had conducted a scheduling conference and entered a Scheduling Order.  At the scheduling conference, Defendant agreed to participate in mediation, which the Scheduling Order required the parties to complete by January 30, 2026.  Defendant also filed a motion to dismiss Count II of the Complaint and never withdrew it, either before or

---

[15] *In re Cox Enters., Inc. Set-Top Cable TV Box Antitrust Litig.*, 790 F.3d 1112, 1116 (10th Cir. 2015) (citing *Peterson*, 849 F.2d at 467–68).

[16] *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 775 (10th Cir. 2010).

[17] *Id.* (citation modified).

after filing the present motion to compel arbitration.  Rather, the parties fully briefed the motion to dismiss—Plaintiff filed a response in opposition, Defendant filed a reply, and the Court later granted the motion.[18]

Third, Defendant delayed for a significant period before seeking to compel arbitration. Plaintiff filed this case on August 6, 2025, and the Court held the scheduling conference on October 14, 2025.  Defendant did not move to compel arbitration until December 17, 2025—more than four months after the case was filed and more than two months after the scheduling conference.  That delay carries particular weight because Defendant appears to have been aware of the arbitration agreement from the outset, as reflected in its Answer, where it asserted arbitration as one of several affirmative defenses.[19]  Yet, Defendant waited until December 15, 2025, to even ask Plaintiff to stipulate to arbitration, and filed the present motion two days later, on December 17, 2025, after Plaintiff refused.

The fourth and fifth factors are inapplicable because Defendant did not file a counterclaim, and the record does not show that Defendant obtained any unique advantage through judicial procedures unavailable in arbitration.

---

[18] Rather than expressly withdrawing its earlier motion to dismiss, Defendant cites 9 U.S.C. § 3 and states in its motion to compel arbitration that this case is stayed pending resolution of that motion.  That statement is incorrect.  The filing of a motion to compel arbitration does not itself automatically stay proceedings.  Instead, under § 3, a stay becomes mandatory only when the court is "satisfied" that the dispute is referable to arbitration and a party applies for a stay.  *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 475 (2024) (holding that only "[w]hen a district court finds that a lawsuit involves an arbitrable dispute and a party has requested a stay of the court proceeding pending arbitration, § 3 compels the court to issue a stay, and the court lacks discretion to dismiss the suit").

[19] "While defendants asserted the arbitration agreements as an affirmative defense in their amended answers, this assertion was insufficient to notify the opposing party of defendants' intent to arbitrate. . . . Defendants set out the arbitration agreements as one of several means to preclude plaintiffs' claims.  While plaintiffs may have been made aware of defendants' *right* to arbitrate, they were not notified of defendants' *intent* to arbitrate until the current motion was filed . . . ." *Robinson v. Food Serv. of Belton, Inc.*, 415 F. Supp. 2d 1221, 1225–26 (D. Kan. 2005).

The sixth factor, however, supports a finding of waiver because Plaintiff was affected and prejudiced by Defendant's delay in seeking arbitration. By the time Defendant moved to compel arbitration, Plaintiff was already well into litigating this case in federal court. Plaintiff had responded to Defendant's motion to dismiss, participated in the scheduling process, exchanged initial disclosures, served written discovery requests, and jointly moved for entry of a protective order. In other words, Plaintiff had already expended time and resources prosecuting this case in this forum before Defendant sought to change course and compel arbitration.

Accordingly, the Court concludes that Defendant acted inconsistently with any right to arbitrate and substantially invoked the judicial process before seeking a stay. The relevant factors support a finding of waiver, and Defendant's motion to compel arbitration is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Compel Arbitration (Doc. 28) is **denied**.

**IT IS SO ORDERED.**

Dated: March 19, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE